

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2010

# USA v. Jermane Bonner

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2352

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Jermane Bonner" (2010). *2010 Decisions.* Paper 2031.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2031

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2352

UNITED STATES OF AMERICA

v.

JERMANE E. BONNER,
                                                        Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-02-cr-00046-001)
District Judge: Hon. Gary L. Lancaster

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2009

BEFORE: SCIRICA, Chief Judge, JORDAN and COWEN, Circuit Judges

(Filed: January 21, 2010)

OPINION

COWEN, Circuit Judge

    Jermane E. Bonner appeals from the criminal judgment entered by the United

States District Court for the Western District of Pennsylvania.  We will affirm.

I.

Bonner entered a guilty plea to one count of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). The presentence investigation report ("PSR") classified Bonner as a career offender due to his prior convictions for third-degree murder, aggravated assault, and reckless endangerment. This resulted in a total offense level of 34, a criminal history category of VI, and an advisory Sentencing Guidelines range of 262 to 327 months.

Bonner objected to the PSR, moved for a downward departure based on an overstatement of his criminal history, and sought a variance under 18 U.S.C. § 3533(a) because of the Sentencing Guidelines' 100:1 powder-to-crack ratio. Finding that he was more akin to a low-level dealer than a drug kingpin, the District Court granted a substantial downward variance. It ultimately sentenced Bonner to a term of imprisonment of 180 months.

Bonner then appealed. On November 26, 2008, we affirmed the 180-month sentence in part but also remanded in part for further proceedings. United States v. Bonner, 300 F. App'x 142 (3d Cir. 2008). According to our ruling, the District Court "followed appropriate procedures in imposing Bonner's sentence." Id. at 144. We then turned to his claim that the District Court failed to consider the crack-to-powder ratio subsequently addressed by the Supreme Court in Kimbrough v. United States, 552 U.S. 85 (2007). Bonner, 300 F. App'x at 144-45. We observed that "the District Court's

2

substantial downward departure may have been influenced by concerns over the crack/powder disparity at the time Bonner's sentence was imposed." Id. at 144. Nevertheless, our uncertainty as to whether the District Court did consider the disparity required a remand "in order to give the District Court the opportunity to resentence Bonner in light of Kimbrough" and Amendment 706 to the Sentencing Guidelines. Id. at 145. "The District Court may exercise its discretion to impose the same sentence, or a lesser sentence, subject to our review for procedural and substantive reasonableness." Id.

The District Court held another sentencing hearing on May 1, 2009. Bonner's counsel relied, inter alia, on a statement made before the Senate Judiciary Committee's Subcommittee on Crimes and Drugs by Lanny A. Breuer, the Assistant Attorney General in charge of the Justice Department's Criminal Division, on April 29, 2009. According to the defense, the Justice Department thereby changed its policy by recommending that Congress and the Sentencing Commission completely eliminate the crack/powder sentencing disparity. The government, in turn, acknowledged that this disparity had been subjected to universal criticism but nevertheless added that "the Department continues to take the stand that it is a case-by-case issue in terms of the 3553(a) factors." (A16.) Noting that the District Court had already granted a substantial sentencing variance, the government asked for the same sentence of 180 months.

The District Court essentially agreed with the government and again sentenced Bonner to a term of imprisonment of 180 months. It initially noted that Bonner was not

3

entitled to a reduction pursuant to Amendment 706 because the Sentencing Guidelines range was "calculated in compliance with the career offender guideline, not the crack cocaine guideline." (A16-A17.) It then expressly recognized "that, in my discretion, I may adjust the sentence under the principles set forth in Kimbrough." (A17.). The District Court ultimately chose not to impose an even lesser sentence:

> However, in the exercise of my discretion, I will not do so. Initially, the guidelines would have given Mr. Bonner a sentence range beginning at 262 months of incarceration. I, however, sentenced Mr. Bonner to 180 months incarceration, which was 82 months below the bottom of the guideline range, almost a seven-year reduction. I did so at the time because, in the Court's view, the 262 months was excessive, given what he actually did, that is, possess with intent to deliver a handful of crack cocaine, and that the sentence at that level was really intended for major drug dealers, not low-level dealers like Mr. Bonner.
>
> However, a lesser sentence than the 180 months would have gone contrary to the purposes behind Section 3553, those factors I set forth in some detail at the sentencing hearing and are incorporated here.
>
> Specifically, however, in the Court's view, a sentence lower than that given would not adequately reflect the need for deterrence and to protect the public from further crimes of this defendant, nor would it be consistent with the sentencing goals of punishment, deterrence and rehabilitation. Therefore, in the exercise of my discretion, I will resentence Mr. Bonner to 180 months incarceration, and all the terms and conditions of the sentence announced at the time of the sentencing will also remain in effect.

(A17-A18.) The current appeal followed.

## II.

Bonner does not assert that the District Court failed to comply with our previous

4

directive to consider <u>Kimbrough</u> and Amendment 706.[1]  Instead, he takes issue with the

District Court's alleged failure to address his argument regarding the Justice

Department's alleged change in policy regarding the crack/powder disparity.  We

nevertheless agree with the government that the District Court properly complied with

our mandate and appropriately arrived at a reasonable sentence for Bonner.

It is true that the District Court did not expressly refer to Breuer's statement in its

sentencing decision on remand.  According to Bonner, it thereby failed to meet its

obligation to address all of the non-frivolous sentencing arguments raised by the defense.

However, the District Court heard the arguments of both sides, concluded that

Amendment 706 did not apply, expressly acknowledged that it possessed the discretion

to adjust the sentence pursuant to <u>Kimbrough</u>, and ultimately (and reasonably) concluded

that, given its previous grant of a substantial downward variance, it would not impose an

even lesser sentence in light of the sentencing factors identified in 18 U.S.C. § 3553(a).

Bonner also significantly overstates the scope of Breuer's statement.  While

admittedly indicating a shift in the Justice Department's treatment of the crack/powder

disparity and recommending that Congress and the Sentencing Commission should take

action to eliminate this disparity, this statement did not really adopt a new policy vis-a-

---

[1]  The District Court possessed jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291.  As we did in our previous ruling in this matter, we must review the sentence for reasonableness.  <u>Bonner</u>, 300 F. App'x at 144 (citing <u>United States v. Sevilla</u>, 541 F.3d 226, 230-32 (3d Cir. 2008)).

vis *current* sentencing practices.  On the contrary, the written statement contained the following observation:

> Until a comprehensive solution – one that embodies new quantity thresholds and perhaps new sentencing enhancements - can be developed and enacted as legislation by Congress and as amended guidelines by the Sentencing Commission, federal prosecutors will adhere to existing law. We are gratified that the Sentencing Commission has already taken a small step to ameliorate the 100:1 ratio contained in existing statutes by amending the guidelines for crack cocaine offenses.  We will continue to ask federal courts to calculate the guidelines in crack cocaine cases, as required by Supreme Court decisions.  However, we recognize that federal courts have the authority to sentence outside the guidelines in crack cases or even to create their own quantity ratio.  Our prosecutors will inform courts that they should act within their discretion to fashion a sentence that is consistent with the objectives of 18 U.S.C. § 3553(a) and our prosecutors will bring the relevant case-specific facts to the courts' attention.

(A76.)  In this matter, the government expressly reminded the District Court of its sentencing discretion, and the District Court reasonably exercised this discretion "to fashion a sentence that is consistent with the objectives of 18 U.S.C. § 3553(a)."

Finally, we reject Bonner's request in his reply brief that "this Court hold its ruling on this issue in abeyance until Congress decides the fate of [the Fairness in Cocaine Sentencing Act of 2009, H.R. 3425, 111th Cong. (2009)]."  (Appellant's Reply Br. at 6-7.)  He notes that this bill, which purportedly eliminates disparate treatment for cocaine-based offenses, was passed out of the House Judiciary Committee on July 30, 2009.  However, it would be inappropriate for the Court to hold off on deciding a fully briefed appeal simply because of the chance that Congress *may* pass and the President *may* sign legislation at some unknown point in the future that turned out to be beneficial

6

to the Appellant.

III.

For the foregoing reasons, we will affirm the District Court's judgment.